IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

| | | |
|---|---|---|
| WILLIAM R. MILLER and | ) | |
| WILLIAM R. MILLER REVOCABLE TRUST, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | Division: |
| GREAT AMERICAN INSURANCE COMPANY, | ) | KSA Chapter 60 |
| a/k/a GREAT AMERICAN INSURANCE GROUP | ) | |
| Serve: Commissioner of Insurance | ) | |
| Kansas Insurance Department | ) | |
| 420 SW 9th Street | ) | |
| Topeka, KS 66612, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION

COME NOW William R. Miller and the William R. Miller Revocable Trust, by and through their counsel of record, and for their Petition allege and state as follows:

1. Plaintiffs bring this action against Defendant due to Defendant's failure to provide insurance coverage for the losses sustained and expenses incurred by Plaintiffs.

2. Defendant is denying its obligation to pay for losses and other covered expenses incurred by Plaintiffs for the physical loss and damage to the insured property.

3. Plaintiffs, through this action, seek a declaratory judgment that affirms that the claims asserted by Plaintiffs trigger coverage, have caused physical property loss and damage to the insured property, and provides coverage for claims asserted by Plaintiffs as well as finding that Defendant is liable for the losses suffered by Plaintiffs.

4. In addition, this action brings a claim against Defendant for its breach of its contractual obligation under the insurance policy issued by Defendant.

**The Parties**

5. William R. Miller is an individual resident of Johnson County, Kansas.

6. The William R. Miller Revocable Trust is a revocable trust formed in the State of Kansas. William R. Miller is the trustee of the trust.

7. Great American Insurance Company ("Great American") is an insurance company domiciled in the State of Ohio. Great American may be served with process by service upon the Kansas Commissioner of Insurance pursuant to the provisions of KSA 40-218.

**Jurisdiction and Venue**

8. Plaintiffs seek to recover insurance proceeds related to insurance risk undertaken within the State of Kansas. This Court possesses personal jurisdiction over Great American pursuant to the provisions of KSA 60-308(b)(A), (D) an (E).

9. Venue is proper in the District Court of Johnson County, KS pursuant to KSA 60-604(2) and (3), and KSA 60-605(3) and (4).

**Facts Common to All Counts**

10. The Trust is the owner of the property located at 4368 W. 199th St., Stillwell, KS 66085.

11. On or about September 6, 2017, Great American issued Policy No. APK E261214 00 (the "Policy") insuring the property located at 4368 W. 199th St., Stillwell, KS against covered losses. The Policy was described as an AgriPak Farm & Ranch Policy, which insured the property.

12. Plaintiffs did not participate in the drafting or negotiation of the Policy.

13. The Policy provided coverage for the Plaintiffs as follows:

**Coverage A – DWELLINGS**

    **A. Coverage**

We will pay for direct physical loss of or damage to Covered Property "at the insured location" described in the Declarations, or elsewhere as expressly provided below, caused by or resulting from any Covered Cause of Loss.

**COVERAGE D – LOSS OF USE**

    A.    Coverage

We will pay, up to the Limit of Insurance shown in the Declarations for Coverage D:

    **1.**    **Your Additional Living Expenses**

If a Covered Cause of Loss renders your principle living quarters uninhabitable, we will pay any necessary increase in living expense you incur so that your household can maintain its normal standard of living, provided that such uninhabitable quarters are located in:

    a.    A "dwelling" covered under Coverage **A**; or

…

    **2.**    **Fair Rental Value**

If a Covered Cause of Loss renders uninhabitable any portion of:

    a.    A "dwelling" covered under Coverage **A**; or

…

We will pay for the Fair Rental Value loss you sustain.

14.    Plaintiffs paid the premium as required by Great American.

15.    On or about August 4, 2018 and continuing thereafter, Plaintiffs suffered a covered loss to the Property when a spigot failed and flooded a portion of the Property.

16.    Plaintiffs provided Defendant Great American with notice of the claim as required by the terms of the Policy.

17.    Thereafter, Plaintiffs made demand on Great American for payment of Plaintiffs' claims under the terms of the Policy.

18. That on or about October 25, 2018, Defendant denied the claims asserted by Plaintiffs.

19. On May 16, 2019, Plaintiffs, through counsel, invited Great American to inspect the home as repairs began. Plaintiffs also provided copies of repair estimates for the repairs to the Property. Great American declined the opportunity to inspect the Property.

20. On September 30, 2019, Great American reaffirmed its decision to deny coverage for the claims asserted, thereby breaching the contract with plaintiffs.

## COUNT I – DECLARATORY JUDGMENT

21. Plaintiffs incorporate the allegations contained in Paragraphs 1 through 20 as if fully set forth herein.

22. The Policy issued by Great American is a contract under which Great American was paid premium in exchange for its promise to pay Plaintiffs' losses for claims covered by the Policy.

23. Plaintiffs have complied with all applicable provisions by the Policy and/or the provisions have been waived by Great American or Great American is estopped from asserting them, and yet Great American has abrogated its insurance coverage obligations pursuant to the Policy's clear and unambiguous terms and has wrongfully and illegally refused to provide coverage for which Plaintiffs are entitled.

24. Great American has denied the claims asserted by Plaintiffs, so this Court can render a Declaratory Judgment determining the rights and obligations of the parties.

25. Pursuant to KSA 60-1701 *et seq.*, an actual case or controversy exists regarding Plaintiffs' rights and Great American's obligations under the Policy to reimburse Plaintiffs for the full amount of losses incurred by Plaintiffs in connection with the damages asserted.

26. Pursuant to KSA 60-1701 *et. seq.*, Plaintiffs seek a Declaratory Judgment from this Court declaring the following:

1. Plaintiffs' losses incurred in connection with the damages asserted in the Petition are insured losses under the Policy; and

2. Great American is obligated to pay Plaintiffs for the full amount of losses related to the damages asserted in Plaintiffs' Petition.

## COUNT II – BREACH OF CONTRACT

27. Plaintiffs incorporate the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28. The Policy issued by Great American is a contract under which Great American was paid premium in exchange for its promise to pay Plaintiffs' losses for claims covered by the Policy.

29. Under the terms of the Policy, Great American agreed to pay for its insureds' actual losses or damages sustained.

30. Plaintiffs have complied with all applicable provisions by the Policy and/or the provisions have been waived by Great American or Great American is estopped from asserting them, and yet Great American has abrogated its insurance coverage obligations pursuant to the Policy's clear and unambiguous terms.

31. By denying coverage for the losses incurred by Plaintiffs, Great American has breached its obligations under the Policy.

32. Because of Great American's breach of the Policy, Plaintiffs have sustained substantial damages for which Great American is liable in an amount to be established at Trial.

33. Great American has also breached its obligation to act in good faith as to Plaintiffs.

## COUNT III – FEES & COSTS

34. Plaintiffs incorporate the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35. The insurer is responsible to Plaintiffs for the damage to their property. The insurer's denial was "without just cause or excuse," such that the insurers are statutorily liable to pay the attorneys' fees expended by Plaintiffs for recovery herein pursuant to KSA 40-256.

36. Insurer Great American is responsible to pay ten percent (10%) interest per annum on the claim proceeds to Plaintiffs from the date of the notice of the claims, also pursuant to KSA 16-201.

WHEREFORE, for the foregoing reasons, Plaintiffs pray for judgment in an amount in excess of $75,000 for their damages, costs, expenses and attorneys' fees pursuant to KSA 40-256 and 40-908, and for interest pursuant to KSA 16-201, and for any other relief the Court deems just and equitable.

## Demand for Jury Trial

Plaintiffs demand a jury trial on all issues so triable.

Respectfully submitted,

**BROWN & RUPRECHT, PC**

By: *s/ Kurt S. Brack*
Kurt S. Brack, KS Bar #14797
2323 Grand Blvd, Suite 1100
Kansas City, MO  64108
(816) 292-7000
(816) 292-7050 (Fax)
kbrack@brlawkc.comn
**Attorneys for Plaintiffs**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

WILLIAM R MILLER

           Plaintiff

vs

GREAT AMERICAN INSURANCE COMPANY A/K/A GREAT AMERICAN INSURANCE GROUP
           Defendant

Case No: 20CV04499
Division: 4
K.S.A. Chapter 60

## REQUEST AND SERVICE INSTRUCTION FORM

To: Clerk of the District Court:

Please issue a SUMMONS and PETITION in this action for GREAT AMERICAN INSURANCE COMPANY A/K/A GREAT AMERICAN INSURANCE GROUP whose address for service is:

    COMMISSIONER OF INSURANCE, KANSAS INSURANCE DEPT.; 420 SW 9TH STREET
    TOPEKA, KS 66612

Service by an authorized process server.

RESPONSE DUE 40 DAYS AFTER SERVICE OF SUMMONS AND PETITION.

           By: /s/ KURT S BRACK
           KURT S BRACK, #14797
           2323 GRAND BLVD STE 1100
           KANSAS CITY, MO 64108
           816-292-7000

*Clerk of the District Court, Johnson County Kansas*
*10/27/20  10:26am NG*

# STATE OF KANSAS
## DEPARTMENT OF INSURANCE

## COMMISSIONER'S PROOF OF SERVICE

William R Miller

Plaintiff

VS.

Great American Insurance Company
a/k/a Great American Insurance Group

Defendant

Case No. 20CV04499

District Court
Johnson County
Olathe, Kansas

I, Vicki Schmidt, Commissioner of Insurance, do hereby certify that on October 30, 2020, I received the Summons and Petition in the above captioned case.

Pursuant to K.S.A. 40-218, a copy thereof was forwarded by certified mail, return receipt requested to:

Great American Insurance Company
Attn: Sue A. Erhart
301 E. 4th Street
Cincinnati, OH 45202

DISPOSITION: Clerk is to indicate final disposition on second copy and forward same to: KANSAS COMMISSIONER OF INSURANCE, 1300 SW ARROWHEAD ROAD, TOPEKA, KANSAS, 66604.



IN WITNESS WHEREOF, I have hereunto set my hand and affixed my Official Seal at the City of Topeka, this 30th day of October, 2020.

Vicki Schmidt
Commissioner of Insurance

BY:

Justin L. McFarland
General Counsel

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS
NOV 3
2020 AM 10: 29